UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

UNITED STATES OF AMERICA,                :

                              Plaintiff,       :       07 Civ. 8594 (JGK) (MHD)

                              v.              :       ECF Case
AGNES F. NOLAN, in her personal
capacity, and AGNES F. NOLAN, as          :
personal representative for the estate of
RICHARD E. NOLAN, deceased,               :

                           Defendants.       :

------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS ACTION


Barbara T. Kaplan (BK-9276)
David Bunning (DB-6401)
Greenberg Traurig, LLP
200 Park Avenue, 38th Floor
New York, New York 10166
(212) 801-9200
Attorneys for Defendants.

NY 238,762,924v4 4/23/2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

UNITED STATES OF AMERICA,                :

                        Plaintiff,    :     07 Civ. 8594 (JGK) (MHD)

                          v.               :     ECF Case
AGNES F. NOLAN, in her personal
capacity, and AGNES F. NOLAN, as         :
personal representative for the estate of
RICHARD E. NOLAN, deceased,              :

                       Defendants.   :

-------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS ACTION

Defendants, through their counsel, respectfully submit the following memorandum of law in support of their motion to dismiss the action pursuant to Rules 12(b)(5) and 4(m) of the Federal Rules of Civil Procedure, because defendants were served more than 120 days after commencement of the action and there appears to be no good cause or cognizable excuse for this delay.

### STATEMENT OF FACTS

This action to reduce federal tax assessments to judgment was commenced by the filing of the complaint on October 3, 2007. (A copy of the complaint is attached as Exhibit A to the Declaration of David Bunning, filed and served herewith.) On or about October 4, plaintiff sent a request to waive service of a summons under Federal Rule of Civil Procedure 4(d)(1) to defendants' residence.

Having received no response to the request for waiver, as far as defendants are aware, the United States took no steps to serve the summons and complaint within the 120-day period. Plaintiff personally served defendants by leaving a copy of the summons and complaint with the doorman at defendants' residence on February 26, 2008, 146 days after the complaint was filed, and mailing additional copies to her. See letter from Assistant United States Attorney Serrin Turner to Agnes Nolan dated February 26, 2008, attached as Exhibit B to the Declaration of David Bunning. The letter from AUSA Turner also advised that an initial status conference had been scheduled for March 4, 2008, one week later. There are no facts to suggest that defendants avoided or evaded service of process; indeed, personal service occurred at the same home address to which the request for waiver had been sent four months earlier. Service occurred 146 days after the action was commenced, in contravention of the mandate of Rule 4(m), and 26 days past the limit set by that rule.

## ARGUMENT

### I.

### THE ACTION SHOULD BE DISMISSED

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to move to dismiss for insufficient service of process. Plaintiff has the burden of proof to establish that its service and process were adequate. *Preston v. State of New York*, 223 F.Supp. 2d 452, 466 (S.D.N.Y. 2002). Federal Rule of Civil Procedure 4(m) provides as follows:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time

for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

In *Zapata v. City of New York*, 503 F.3d 192 (2d Cir. 2007), the Second Circuit, in affirming the dismissal of an action served 4 days after the 120-day period specified by Rule 4(m), held that where good cause is shown, the time for service must be extended, but where good cause is not shown, the court has authority to grant additional time in appropriate circumstances. Otherwise, the action must be dismissed without prejudice.

A.     **Good Cause Does Not Exist For the Delay in Service**

A party "seeking a good cause extension bears a heavy burden of proof." *Beauvoir v. United States Secret Service*, 234 F.R.D. 55, 56 (E.D.N.Y. 2006). "Good cause is 'generally found in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control.'" *Id.*, quoting *Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999), in turn quoting *National Union Fire Ins. Co. v. Sun*, 1994 U.S. Dist. Lexis 11934 at p. 3 (S.D.N.Y. 1994). The *Beauvoir* Court held that reliance on process servers to make timely service did not constitute good cause.

"Good cause will not be found where, as is the case here, the omission is the product of the attorney's inadvertence, neglect, mistake or misplaced reliance." *Hertzner v. U.S. Postal Service*, No. 05-CV-2371 (DRH)(ARL), 2007 U.S. Dist. Lexis 19691, 2007 WL 869585 at p. 19 (E.D.N.Y. 2007) (dismissing action where United States Attorney was served 20 days late and Attorney General served 22 days late). *See also, Reece v. University of Rochester*, No. 04-CV-6117 (FE), 2005 U.S. Dist Lexis 44844, 2005 WL 1458632 (W.D.N.Y. 2005), cited extensively by *Hertzner*, in which the Court

held that good cause was not shown where a 17-day delay in service was due to problems encountered by the process server, including a broken foot and emergency surgery.

Good cause for the delay does not exist here because there was no reason for the delay other than plaintiff's inadvertence. Defendants could have been served at any time after the action was commenced on October 3; there was no reason to wait 146 days to do this.

### B. There is No Reason to Extend the Time for Service

The Court should not exercise its discretion to extend the time for service beyond the 120 days mandated by Rule 4(m). The Second Circuit explicitly stated in *Zapata* that this decision is committed to the discretion of the District Court, which will be reversed only for an abuse of discretion. It further held that it is within the Court's discretion to dismiss an action where the statute of limitations has run on the underlying claim so that the dismissal would be effectively with prejudice. "Where, as here good cause is lacking, but the dismissal without prejudice in combination with the statute of limitations would result in a dismissal *with* prejudice, we will not find an abuse of discretion in the procedure used by the district court, so long as there are sufficient indications on the record that the district court weighed the impact that a dismissal or extension would have on the parties." 502 F.3d at 197 (emphasis in original).

The plaintiff "must ordinarily advance some colorable excuse for neglect." *Zapata*, 502 F.3d at 198. The Court did not adopt a per se rule, but instead noted that "any defendant would be harmed by a generous extension of the service period beyond the limitations period of the action," and "it is equally obvious that any plaintiff would suffer by having the complaint dismissed with prejudice." *Id.* "But in the absence of

good cause, no weighing of the prejudice between the two parties can ignore that the situation is the result of plaintiff's neglect." 502 F.3d at 198.

*Zapata* upheld the District Court's dismissal of the action, noting that "plaintiff made no effort to effect service within the service period, neglected to ask for an extension within a reasonable period of time, and has advanced no cognizable excuse for the delay." 503 F.2d at 199. A similar result was reached in *Hertzner, supra*. "[T]here is no competent evidence that counsel attempted to effect service on the proper parties before the expiration of Rule 4(m)'s 120-day deadline. This is in contrast to those cases relied on by Plaintiff where courts granted discretionary extensions." 2007 U.S. Dist Lexis at pp. 24-25 and n.5.

Finally, the fact that plaintiff initially sent a request to waive the service of a summons is immaterial or, at most, a factor to be considered in measuring plaintiff's diligence. "There should not be a great amount of conflict between Rule 4(m) and the request-for-waiver provision, although plaintiffs will have to be wary of consuming too much of the 120 days pursuing a waiver of formal service. Should the plaintiff's attempt to use the waiver procedure prove unsuccessful and cause the plaintiff to miss the Rule 4(m) deadline, the diligence with which the plaintiff has been pursuing service should determine whether the court will grant a good-cause extension. As long as plaintiffs keep the 120-day deadline in sight, problems of tardy service can be avoided." Wright & Miller, *Federal Practice and Procedure*: Civil 3d §1137, p. 392 (2002). Here, the United States failed to keep the 120-day deadline in sight, with the consequence of service after the period mandated by Rule 4(m).

## CONCLUSION

For these reasons, defendants respectfully request that the action be dismissed.

Respectfully submitted,

*Barbara T. Kaplan*

Barbara T. Kaplan (BK-9276)
David Bunning (DB-6401)
Greenberg Traurig, LLP
200 Park Avenue, 38th Floor
New York, New York 10166
(212) 801-9200
Attorneys for Defendants