UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | :    07 Civ. 8594 (JGK) (MHD) |
| AGNES F. NOLAN, in her personal capacity, and AGNES F. NOLAN, as personal representative for the estate of RICHARD E. NOLAN, deceased, | :    ECF CASE |
| Defendants. | : |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**DECLARATION OF SERRIN TURNER**

I, Serrin Turner, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York, and am the attorney assigned to prosecute this matter. I submit this declaration in opposition to the defendants' Motion to Dismiss and in support of the Government's Motion to Extend the Time for Service *Nunc Pro Tunc.*

2. I filed the complaint in this matter on behalf of the Government on October 3, 2007. A copy of the complaint is attached as Exhibit A to the Declaration of David Bunning submitted in support of defendants' Motion to Dismiss.

3. On October 4, 2007, I sent a copy of the complaint via certified mail to the home address of Agnes Nolan, located at 271 Central Park West, Apartment 12W, New York, New York 10024. Along with the complaint, I sent a cover letter requesting a waiver of service and

explaining in detail a defendant's obligation to waive service in response to such a request pursuant to Rule 4(d) of the Federal Rules of Civil Procedure.[1]  The certified mail receipt confirms that Ms. Nolan received the package on October 9, 2007.  A complete and accurate copy of the cover letter, along with certified mail receipt, is attached hereto as Exhibit A.  Ms. Nolan never returned the waiver of service as requested.

4. Regrettably, due to a prolonged absence from the office and the press of other litigation upon my return, I neglected to take note of Ms. Nolan's failure to waive service until more than 120 days after the filing of the complaint.  I was on extended paternity leave for almost all of November 2007 as well as the first week of December 2007.  *Id.*  Upon returning to the office in December, I faced a backlog of accumulated work and remained occupied with other litigation through January 2008.  As a result of my oversight, service was not formally effected on defendants within 120 days of the filing of the complaint, *i.e.*, by January 31, 2008.

5. On or about February 19, 2008, the Court scheduled an initial conference in the case for March 4, 2008, notifying me of the conference by telephone.

6. Upon reviewing the case in anticipation of the conference, I immediately realized that Ms. Nolan had failed to waive service and that formal service needed to be effected as a result.  Consequently, on February 21, 2008, I directed a process server to effect formal service on Ms. Nolan.  A true and complete copy of my directive to the process server is attached hereto as Exhibit B.

---

[1] Also included with the complaint were all the materials that are required to be given to the defendant when service is effected under the Local Rules and other requirements of this Court (*e.g.*, the civil cover sheet, the individual practices of the judge assigned to the case, *etc.*).

7.     Several days later, on February 26, 2008 – after several attempts to serve Ms. Nolan personally when she was not at home – the process server visited Ms. Nolan's apartment building at a time when Ms. Nolan was there.  However, Ms. Nolan obstructed personal service, as she instructed the building doorman not to allow the process server up to her apartment.  A true and complete copy of the process server's affidavit, noting Ms. Nolan's refusal to accept personal service, is attached hereto as Exhibit C.

8.     The process server effected service by leaving the complaint with the doorman and mailing Ms. Nolan an additional copy the next day.  *See* Ex. C.  Thus, service was completed on February 27, 2008.  *See id.*

9.     Subsequently, defendants asked the Government to consent to extending their time to answer the complaint by approximately six weeks, *i.e.*, until April 30, 2008, which consent the Government provided.  On April 29, 2008, defendants filed their instant motion.

10.    For most of the claims in the case, the statutes of limitation have not yet run and will not run until mid-2008 or much later.  However, the statute of limitations has passed with respect to at least one of the Government's claims, involving an income tax assessment made against defendants for the 1990 tax year.  The statute of limitations for this claim was set to expire the day after the complaint was filed.  The total amount owed with respect to this claim as of the date of this declaration (inclusive of statutory interest and penalties that continue to accrue on the underlying assessment) is $231,668.24.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York
       May 22, 2008

                                                    */s/ Serrin Turner*
                                                    SERRIN TURNER

3