UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | 07 Civ. 8594 (JGK) (MHD) |
| v. | : | ECF Case |
| AGNES F. NOLAN, in her personal capacity, and AGNES F. NOLAN, as personal representative for the estate of RICHARD E. NOLAN, deceased, | : | **DECLARATION OF AGNES F. NOLAN** |
| Defendants. | : | |

------------------------------------------------------X

Agnes F. Nolan, pursuant to 28 U.S.C. §1746, declares and states as follows:

1. I am the defendant in this action. I submit this declaration in support of defendants' reply to plaintiff's opposition to defendants' motion to dismiss, and in opposition to plaintiffs' motion to extend the time for service.

2. I reside at 271 Central Park West, Apartment 12W, and have resided there for the past 39 years.

3. Although I am a lawyer, I have not actively practiced law since 1970.

4. On behalf of my deceased husband, Richard E. Nolan, and myself, during the past five years, beginning in 2003, I have submitted at least five offers in compromise to the Internal Revenue Service ("IRS") based upon inability to pay the amount of tax, interest, and penalties asserted to be due. Each of these offers in compromise was submitted by a tax professional with expertise in such matters, and was submitted in good faith to compromise the federal income tax

liabilities at issue herein, based on the applicable law and procedures of the IRS. The IRS corresponded with me throughout this period at my home address, set forth above.

5. The fifth (and final) offer in compromise regarding these tax liabilities was submitted on or about July 28, 2007. The offer in compromise was required to be accompanied by a down payment of 20% of the proposed amount of the offer. I refinanced the mortgage on my apartment in order to obtain the necessary funds. The 20% down payment in the amount of $350,751 was submitted, together with a deposit of $115,007.60, for a total of $465,760.60. The balance of $1,403,004 (the amount of the offer in excess of the 20% down payment) was to be paid within three months of acceptance; thus, the total offer was $1,753,755.

6. An amount greater than the 20% down payment was submitted because I could not get an exact number for the offer until all the financial material was assembled and this took a lot of time. For this reason, the entire cash proceeds of $465,760.60 was delivered to the IRS, an amount greatly in excess of the required 20%. The IRS was well aware that the refinancing was the source of the funds because it was required to subrogate its federal tax liens to the mortgage.

7. By letter dated September 4, 2007, the IRS requested that the offer be amended by placing it on an updated version of the form on which it was submitted (Form 656), and requested that certain information be provided within 30 days of the date of that letter, *i.e.*, by October 4, 2007.

8. I was working to amend the offer and submit the requested information when I received a letter from the IRS dated September 21, 2007, returning the offer because "[w]e have determined that your offer was submitted solely to hinder our collection actions which are expected to collect significantly more than the amount you have offered." I strongly disagree

with the position set forth in this letter. Moreover, the IRS did not substantively review my offer prior to issuing this denial letter.

9. I have reviewed the declaration of Assistant United States Attorney Serrin Turner, and the affidavit of service regarding service of the summons and complaint on February 26, 2008 at 1:38 p.m., and they contain certain false statements. At that date and time, I had just finished a physical therapy session at the Hospital for Special Surgery, at 535 East 70 Street, New York, New York. Attached as Exhibit A is a true and correct copy of the sign-in sheet. My sessions are from 12:30 to 1:30 p.m. on the days indicated.

10. The concierge did not call me on February 26 to indicate that any one was attempting to serve me. Accordingly, I never instructed him not to permit a process server to come to my apartment to serve me. It is conceivable that the concierge might have spoken to either my daughter or housekeeper, but he did not speak to me.

11. When I returned from my physical therapy session in the mid-afternoon of February 26, the summons and complaint were with my mail.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 4, 2008.

_____
Agnes E. Nolan